■ EVERLAST WORLD'S BOXING HEADQUARTERS CORP., LTD., Respondent-Appellant, v LINCOLN INSURANCE COMPANY et al., Appellants-Respondents, and DAVIS, DORLAND & CO. et al., Respondents. — Order, Supreme Court, New York County (Richard Wallach, J.), entered October 18, 1984, granting reargument and adhering to a prior order (same court) entered June 21, 1984, which had granted partial summary judgment in favor of defendants AFCO, dismissing the fifth cause of action as against said defendants and, further, declaring that, for purposes of the action, the parties were estopped from asserting that defendant Lincoln Insurance Company was entitled to cancel plaintiff's insurance policy for nonpayment of premium, unanimously reversed, on the law, without costs or disbursements, AFCO's motion for summary judgment denied and the declaration, estopping the parties from asserting that the policy had been canceled for nonpayment of premium, vacated.

The action was brought for a declaration as to the relative responsibilities of the parties with respect to coverage under a comprehensive liability insurance policy, which imposed insurance coverage on a claims made basis. The policy was issued to Everlast in 1977 and provided products liability coverage for a

one-year period in the face amount of $500,000. Plaintiff had requested its broker, Davis, Dorland & Co., to secure insurance on a claims made basis with provision for a discovery period of 12 months after expiration of the policy term. Thereafter, Davis procured insurance in New York City with Lincoln as carrier through Weghorn International, Inc., a surplus line broker, which prepared a binder providing for such insurance, effective March 9, 1977. When the policy was issued, however, it did not contain the 12-month discovery clause, as requested. At the same time, Davis made arrangements with AFCO, a premium finance agency, to finance the annual premium in the sum of $147,825. The premium finance agreement required an initial payment of $53,276.92, representing a deposit of $39,620.52 and the first payment of $13,656.40. It is undisputed that a check in that amount was furnished by plaintiff to AFCO, no later than May 4, 1977, and that AFCO never tendered payment of the premium to Lincoln.

On May 9, 1977, Everlast was advised by Davis that the policy did not include a 12-month discovery clause and that the insurer required an additional premium for such coverage. One day later on May 10, 1977, after the second installment of the premium was paid by Everlast to AFCO, plaintiff advised Davis to cancel the insurance since it did not wish to pay an additional 85% premium for the 12-month discovery coverage and, accordingly, stopped payment on the second premium installment. During the same period, in early May 1977, Lincoln advised Weghorn that payment of the premium would be required to avoid cancellation and, when no payment was received, on May 16, 1977, Lincoln issued a cancellation notice terminating coverage effective May 29, 1977. It further appears that, between May 13 and 16, 1977, Davis arranged with Lincoln to provide insurance for the 2½-month period between March 9 and May 29, 1977, when the claims made policy was in effect. Accordingly, plaintiff issued AFCO a check for $35,182.58, representing the premium due on a pro rata basis for this 2½-month period, which was forwarded to Lincoln in June 1977.

On November 18, 1977, Everlast furnished Lincoln with a notice relating to a claim made on behalf of one Jeffrey Beaton, who was injured on April 21, 1977, while using a trampoline manufactured by plaintiff. Coverage under the policy was asserted on that basis that the claim was made both within the original one-year policy term and the 12-month discovery period. Lincoln, however, denied coverage and refused to defend Everlast in the underlying action, which was subsequently settled in an amount in excess of the policy coverage.

In this action, plaintiff claims that the denial of coverage by Lincoln was improper and asserts that, when it obtained insurance coverage for the 2½-month period, in exchange for the pro rata premium of $35,182.58, such coverage included a 12-month discovery period, as Weghorn had allegedly represented in the original binder it issued. Lincoln, on the other hand, contends that there was no renegotiated insurance which included a 12-month discovery period and that Weghorn had no authority to execute a binder with such coverage. In the alternative, plaintiff argues that Weghorn and Davis are liable for negligence and misrepresentation and AFCO is liable for its failure to properly tender the premium to Lincoln in the first instance.

On AFCO's motion for summary judgment, Special Term found, from the affidavits and documents submitted, that Everlast had decided to cancel the policy and that AFCO could not be held liable for breach of the premium financing agreement since it had only followed plaintiff's instructions not to pay the premium. Partially as a result of Everlast's claim that it agreed to accept 2½ months of coverage which included a 12-month discovery clause for a reduced premium, Special Term found it was immaterial whether the original binder provided for a discovery period on expiration of coverage and whether AFCO acted properly in not transmitting the premium payment. Therefore, it concluded that it was similarly irrelevant whether Lincoln had initially canceled the policy for nonpayment of premium. As viewed at Special Term, the only relevant consideration was whether the policy, which had been canceled, contained a 12-month discovery provision and, if not, whether the defendants, collectively or individually, breached any duty owed to plaintiff. It was also found that any breach of any duty owed by AFCO would have no bearing on the issue since, despite the claim that AFCO withheld information that it had not paid the premium, any duty of disclosure on AFCO's part had been discharged by Davis, Dorland, and the independent decision by plaintiff to cancel the policy coverage made immaterial any failure on the part of AFCO to transmit the premium payment. Since Everlast had made known its intention not to pay the premium and had rescinded the premium finance agreement, the court determined that no cause of action could exist as against AFCO.

We disagree and find the record replete with factual issues sufficient to have warranted denial of partial summary judgment. The relationship and understanding between the various parties and any duties or obligations which flowed therefrom cannot be finally resolved on this record. Full exploration of the facts is needed to determine the circumstances with respect to

the purported cancellation of the coverage by Lincoln for non-payment. Also, it cannot be ascertained from the affidavits and the proof submitted whether the cancellation amounted to a rescission of the coverage from its inception. Nor, in the alternative, may we determine on this record whether the parties effected insurance coverage for a limited 2½-month period and whether that coverage contained the additional 12-month discovery provision. While we appreciate Special Term's desire to simplify the issues for trial, the question with respect to Lincoln's entitlement to cancel the policy for nonpayment may have a bearing on the ultimate liability of the parties. In addition, if it is established that Weghorn had authority to issue a binder with such additional coverage, the failure on the part of AFCO to promptly transmit the premium could be a material consideration.

Under the circumstances, and particularly considering the complexity of the legal and factual issues involved, final resolution with respect to the multitude of issues in the case should await the trier of the facts and is not a matter for disposition on motion for summary judgment. Such a result would properly fulfill the court's mandate and function on such a motion, which is issue finding, not issue determination.

Accordingly, we reinstate the complaint as against AFCO and vacate the declaration made under CPLR 3212 (g), estopping the parties from claiming at trial that Lincoln was entitled to cancel the policy for nonpayment of premium. Concur — Sullivan, J. P., Asch, Fein, Kassal and Rosenberger, JJ.